**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5094

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN ASTRIN MATTHEWS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-143)

Submitted:  October 12, 2005          Decided:  January 30, 2006

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Astrin Matthews appeals his 186-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon. Matthews contends that his sentence is erroneous in light of United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

Matthews first argues that his enhancement for possession of a stolen firearm and his classification as an armed career criminal violated the Sixth Amendment. Because he raised this claim below, review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, thereby making the guidelines advisory. Id. at 756-67. In the wake of Booker, we have held that, for prisoners sentenced pre-Booker under the mandatory guidelines scheme, it is error to impose a sentence exceeding the maximum allowed based only on the facts admitted or

found by a jury.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  This holding is subject to an exception for prior convictions, which need not be either admitted or proven beyond a reasonable doubt in order to be used to enhance a sentence.  See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

With regard to his treatment as an armed career criminal, Matthews asserts that, even in the face of Apprendi, the district court made an unconstitutional factual finding that his prior convictions were either violent felonies or controlled substance offenses.  He relies, in part, on Shepard v. United States, 125 S. Ct. 1254, 1262-63 (2005), in which the Supreme Court held that Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record."

However, the facts relied upon by the district court here are facts of, not about, Matthews's prior convictions.  A court may look to "the statutory definitions of the prior offenses" to determine whether a defendant has been convicted of "a violent felony or a serious drug offense" under 18 U.S.C. § 924(e)(1).  Taylor v. United States, 495 U.S. 575, 600 (1990).  Matthews has convictions for aggravated assault with a weapon, threatening the life of a public official, possession of cocaine with intent to deliver, and second degree burglary, which South Carolina law defines as "enter[ing] a dwelling without consent and with intent

- 3 -

to commit a crime therein." S.C. Code Ann. § 16-11-312. The "statutory definitions" of Matthews's "prior offenses" thus clearly qualify him as an armed career criminal.

Matthews also asserts that the district court violated the Sixth Amendment by enhancing his sentence for possession of a stolen firearm. However, even if the district court's finding that Matthews possessed a stolen firearm constituted improper judicial fact-finding for <u>Booker</u> purposes, this enhancement did not affect Matthews's sentence, as his armed career criminal status alone determined his offense level. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 4B1.4(b)(3) (2003). Thus, any Sixth Amendment error was harmless.

Finally, Matthews contends that the district court erred by treating the guidelines as mandatory, rather than advisory, as <u>Booker</u> requires. Sentencing under a mandatory regime is "a separate class of error . . . distinct from the Sixth Amendment claim that gave rise to the decision in <u>Booker</u>." <u>Hughes</u>, 401 F.3d at 553. In <u>United States v. White</u>, 405 F.3d 208, 217-22 (4th Cir. 2005), we held that, although treating the guidelines as mandatory was plain error, prejudice could not be presumed. Here, while the district court clearly erred in sentencing Matthews under the mandatory guidelines scheme, we hold for the following reasons that the Government demonstrated that any error was harmless. <u>See</u> <u>United States v. Stokes</u>, 261 F.3d 496, 499 (4th Cir. 2001) (during

- 4 -

harmless error review, Government must show that the error did not actually affect the outcome of the proceedings).

First, the district court did not sentence Matthews to the lowest end of the guideline range. While the court could have given Matthews a lower sentence, even under the mandatory guidelines scheme, it chose not to. Second, the district court explicitly noted that, even if the guidelines were advisory, it would impose the same sentence in accordance with 18 U.S.C.A. § 3553 (West 2000 & Supp. 2005). Thus, the Government has shown beyond a reasonable doubt that Matthews would not receive a shorter sentence under an advisory guideline system.

Based on the foregoing, we affirm Matthews's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED